This case is before the court on defendant’s motion for summary judgment on the ground that plaintiffs’ petition fails to state a claim upon which relief can be granted. After consideration of the briefs, but without oral argument, we grant defendant’s motion.
Plaintiffs received loans from the Farmers Home Administration (FmHA). A farm ownership loan for $47,000 was received by plaintiffs on January 17, 1974, pursuant to 7 U.S.C. § 1922 (Supp. III, 1979). Two farm operating loans of *662 $24,100 and $25,700 were received on December 21, 1973, and February 14, 1974, respectively. These loans were made pursuant to 7 U.S.C. § 1941 (Supp. III, 1979).
The loans were serviced by County Supervisor Elton G. Murrow. The farm operating loans were paid in full on July 4, 1975. The farm ownership loan was paid in full on August 31, 1976. Unfortunately, the farming operation was not a commercial success; and the farm was sold to meet plaintiffs’ debt to the FmHA.[1]
Plaintiffs allege that the manner of servicing the loans by Mr. Murrow was inappropriate and detrimental and was in contravention of the parties’ agreement and the relevant statutes and regulations. In light of the above, according to the plaintiffs, the supervision provided by Mr. Murrow was a breach of the contract between the parties.
This "improper supervision” has two separate themes. The first "missupervision” occurred when, due to the alleged fault of Mr. Murrow, plaintiffs’ loans were not closed until after a winter wheat crop for 1974 could be planted.[2] Plaintiffs allege their plan of operation as worked out with the FmHA anticipated such a winter wheat crop would be available to plaintiffs. Secondly, plaintiffs allege Mr. Murrow improperly refused to grant additional loans or to modify plaintiffs’ repayment schedule to take into account the alleged change in events.
Mr. Murrow, however, asserts by affidavit that the cause of plaintiffs’ failure was "a combination of drought and unfavorable livestock prices common to all farm operators in the area, and in part, to management inability on the part of [plaintiffs].” Mr. Murrow further states that he took the actions to collect the loans in order to prevent an unreasonable risk of loss to the United States.
We find no contractual breach resulting from the actions of Mr. Murrow. The objectives of the supervision of the loans are established in 7 C.F.R. § 1802.2:
*663 (a) All loans made by FmHA are designed to assist individual borrower families to attain specific objectives. Therefore, each borrower family will be provided the supervision necessary to achieve those objectives and to protect the financial interest of the Government.
Plaintiffs were given loans for the purpose of purchasing additional farm land, livestock, and farm equipment and to refinance indebtedness. 7 U.S.C. §§ 1923 & 1942 (Supp. III, 1979). Those items were purchased. Thus, the purposes of the loans were accomplished; and when the loans were repaid in full, the objectives of the supervision were also accomplished.
Unfortunately for plaintiffs, their farming operation was not successful. We do not believe, however, that the FmHA guaranteed the success of plaintiffs’ operation; and plaintiffs’ claim is rejected to the extent it may be characterized as an asserted breach of said "guarantee.”[3] Cf. Tatem Manufacturing Co. v. United States, 181 Ct. Cl. 496, 386 F. 2d 898 (1967); Kraemer Mills, Inc. v. United States, 162 Ct. Cl. 367, 319 F. 2d 535 (1963).
We find the supervisory functions intended to be performed by Mr. Murrow are committed to the discretion of such supervisory personnel and, while the supervisor is to render assistance to recipients of these loans, said supervisors are also to protect the financial interests of the United States. 7 C.F.R. § 1802.2. It appears to us the supervisor must assist the borrowers by acting as a guide to the families and striving for the establishment of an efficient and successful enterprise. Nevertheless, the County Supervisor is also required to examine the operations with a view to protecting the financial interests of the United States. If a reasonable opportunity for success appears unfeasible to the County Supervisor, we think the FmHA program also requires the County Supervisor to make certain the money loaned by the United States will be recouped. There appears to be no requirement for the County Supervisor to commit additional funds to a hopelessly losing venture; nor should we require the County Supervisor to alter payments *664 if in his judgment that would create an unreasonable risk of loss to the United States.
We find support for our holding in the regulations of the FmHA. For example, regarding plaintiffs’ assertion that Mr. Murrow breached the contract by failing to make changes to the agreed upon plan, 7 C.F.R. § 1802.14(f)(2) provides:
If the planned operations are not feasible in any respect, the family and the County Supervisor will reexamine the proposed operations in an effort to determine changes which realistically can be made to correct the deficiencies. [Emphasis supplied.]
The determinations of feasible operations and realistic changes are committed to the discretion of the County Supervisor. Furthermore, 7 C.F.R. § 1802.14(g)(4)(iv), dealing with when long-time farm and home plans will be revised, provides for revision when there is a "Failure to succeed under the original plan and feasible alternatives are available.” (Emphasis supplied.) Also, see 7 C.F.R. §§ 1802.3, 1802.5(a), 1802.12, and 1802.14(e)(1).
Recovery for plaintiffs may be ordered only if Mr. Murrow abused his discretion.[4] Because we can find no abuse of Mr. Murrow’s discretion on the facts before us, we grant defendant’s motion for summary judgment. Contrary to the settled rule in summary judgment cases, plaintiffs have supplied us with no affidavits detailing acts or omissions which tend to show an abuse of discretion by defendant’s agent or even raising a triable issue as to that question. Statements in the petition or briefs are not enough. But even if we were to accept such statements in lieu of affidavits, the statements made by or on behalf of plaintiffs do not indicate any triable issue as to an abuse of discretion by Mr. Murrow in pursuing the proper objectives of the program. It does not even tend to show such abuse of discretion that plaintiffs may have disagreed with the agent’s actions. More than that is required.
*665 Moreover, to the extent plaintiffs’ claim is more properly characterized as alleging negligent misconduct on the part of Mr. Murrow, such a claim, sounding in tort, is not within this court’s original jurisdiction; and the petition is dismissed on this ground as well. 28 U.S.C. § 1491 (1976); Somali Development Bank v. United States, 205 Ct. Cl. 741, 748-750, 508 F. 2d 817, 820-822 (1974).
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.

 There is a dispute as to whether Mr. Murrow required this sale. Plaintiffs assert the sale was required and Mr. Murrow asserts the sale was "at the volition of [plaintiffs].”

 From the briefs it is unclear whether funds were available earlier. The loan agreements include a proviso conditioning the loans on the available of funds.

 Plaintiffs concede there was no guarantee of success.

 We do not reach the issue of whether plaintiffs are seeking consequential damages, which are not recoverable in this court. See Northern Helex Co. v. United States, 207 Ct. Cl. 862, 886-887, 524 F. 2d 707, 714-715 (1975), cert. denied, 429 U. S. 866 (1976). Further due to our holding we need not reach plaintiffs’ claim for attorneys’ fees and interest.