**Varsted Carl JIZMEJIAN**

v.

**The UNITED STATES.**

**No. 364–82C.**

United States Claims Court.

Feb. 1, 1984.

Varsted Carl Jizmejian, plaintiff, pro se.

Mary Mitchelson, Washington, D.C., with whom were Asst. Atty. Gen. J. Paul McGrath, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant. Major Sam Roser, Dept. of the Air Force, Washington, D.C., of counsel.

## OPINION ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A SUMMARY JUDGMENT

WHITE, Senior Judge.

The plaintiff, Varsted Carl Jizmejian, instituted this action *pro se* in the United States Court of Claims (this court's predecessor) on July 22, 1982. The case was automatically transferred to this court on October 1, 1982, pursuant to section 403(d) of the Federal Courts Improvement Act of 1982 (Pub.L. 97–164, 96 Stat. 25, 58).

The plaintiff, a retired Air Force officer, seeks to recover retirement pay in the amount of $41,169 (plus interest), which has been withheld by the Air Force in response to writs of garnishment from an Arizona state court. The plaintiff's pay has been garnished to enforce a divorce decree and judgment for support payments entered by the Arizona court.

The case is before the court on the defendant's motion to dismiss or, in the alternative, for a summary judgment, filed October 6, 1983, the plaintiff's response, filed October 26, 1983, and the defendant's reply, filed November 9, 1983, together with other papers submitted by the parties.

It is concluded that the defendant's alternative request for a summary judgment should be granted.

### The Facts

The plaintiff and his former wife married in 1947. The marriage took place in Illinois; and the plaintiff and his then wife were living in Illinois when, in 1951, the plaintiff entered upon an extended tour of active military duty with the Air Force. This duty involved overseas service in Korea and in Vietnam.

Upon the plaintiff's return from Vietnam in 1964, he was assigned to an Air Force base in Arizona. The plaintiff and his wife resided in Arizona until domestic difficulties caused their separation in 1967.

Subsequently, in 1970, the plaintiff retired from the Air Force and moved to Nevada.

The plaintiff's wife initiated a divorce action against him in the Superior Court of Arizona in and for the County of Pima. The plaintiff was personally served in Nevada with a copy of the Arizona summons and complaint, and he appeared in, and contested, the divorce action.

On March 4, 1971, the Pima County Superior Court issued a divorce decree, awarded $300 per month to the wife for her support, and divided the couple's property between them.

After the plaintiff's request for a new trial was denied by the trial court, he appealed the decision to the Arizona Court of Appeals. The plaintiff asserted on appeal that no grounds were shown for the divorce, that the alimony award was too high, and that the division of property was erroneous. The plaintiff, however, did not challenge the jurisdiction of the trial court to decide the divorce action. The appellate court in 1972 upheld the divorce decree and the alimony award, but reversed the trial court's decision on the division of property. No appeal was taken to the Arizona Supreme Court.

Based on the modified decree, the plaintiff's former wife quickly filed in the Pima County Superior Court a motion to show cause why the plaintiff should not be held in contempt for failure to comply with that court's support order. The plaintiff was not present in Arizona at the time and did not appear in response to the order to show cause. On May 25, 1972, the Superior Court

entered a judgment against the plaintiff for arrearages totaling $1,800. As the plaintiff was not in Arizona, the judgment could not be enforced.

Subsequently, the plaintiff's former wife secured writs of garnishment to the Air Force on the plaintiff's retirement pay pursuant to 42 U.S.C. § 659 (1976), in order to satisfy the support judgment. Section 659 then provided in pertinent part as follows:

> * * * moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States * * * to an individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to * * * make alimony payments.[1]

The Air Force honored the Arizona court's writs and began to withhold portions of the plaintiff's retirement pay. The funds so withheld were remitted to the clerk of the Arizona court.

In 1977, the plaintiff was again adjudged in contempt of the Pima County Superior Court's support decree. This time, the arrearages amounted to $17,000. The plaintiff did not enter an appearance in that proceeding. The Air Force continued to honor writs of garnishment from the Pima County Superior Court by withholding funds from the plaintiff's retirement pay and remitting the funds to the clerk of the Arizona court.

### Related Proceeding

The plaintiff instituted an action against the Department of the Air Force in the United States District Court for the District of South Carolina, asking the district court to require the Air Force to pay him amounts withheld from his retirement pay. The plaintiff's main contention in the district court was that the Pima County Superior Court did not have personal jurisdiction

over him, thus rendering the support decree and the writs of garnishment invalid.

The Government moved to dismiss the district court case for failure to state a claim upon which relief could be granted. The Government argued that subsection (f) of 42 U.S.C. § 659, *as amended by* section 501 of Public Law 95–30 (91 Stat. 126, 158), did not permit a collateral attack on the validity of the Arizona state court judgment. Subsection (f) provided at the time—and still provides (42 U.S.C. § 659(f) (Supp. V 1981))—as follows:

> Neither the United States, any disbursing officer, nor governmental entity shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this section and the regulations issued to carry out this section.

The district court examined the opinion of the Arizona Court of Appeals, the writs of garnishment, and the Arizona trial court's 1977 contempt decree. The court, in *Jizmerjian [sic] v. Department of Air Force,* 457 F.Supp. 820, 823, aff'd mem., 607 F.2d 1001 (4th Cir.1979), cert. denied, 444 U.S. 1082, 100 S.Ct. 1036, 62 L.Ed.2d 766 (1980), found:

> * * * that plaintiff was personally served in Nevada with a copy of the Arizona summons and complaint in the divorce action; that he appeared and contested that action—(since he moved for a new trial, which was denied); that he appealed the lower court Order to the Arizona Court of Appeals; and that he won a partial reversal. * * * [Footnote omitted.]

Because of the plaintiff's appearance in the Arizona divorce suit, the district court held that the Arizona court had personal jurisdiction over the plaintiff and could validly render the alimony decree. *Id.* at 823–24 & n. 6. Accordingly, the district court decided (*id.* at 824) that, under 42 U.S.C. § 659(f), the Arizona court's decree and

---

**1.** Virtually the same language is now found in 42 U.S.C. § 659(a) (Supp. V 1981).

writs of garnishment insulated the United States from the plaintiff's suit.

The district court's decision was affirmed by the Fourth Circuit, and the Supreme Court denied certiorari.

### The Present Litigation

After failing to obtain relief in the United States District Court for the District of South Carolina, the plaintiff filed the present action in the United States Court of Claims (this court's predecessor) on July 22, 1982. In the complaint,[2] the plaintiff alleges that the proceedings before the Pima County Superior Court on the orders to show cause, resulting in the issuance of writs of garnishment to the Air Force, were invalid because the plaintiff was a non-resident of Arizona at the time, there was no personal service of process on him within the State of Arizona, and he did not appear in such proceedings. Consequently, according to the plaintiff, it was unlawful for the Air Force to withhold $41,169 from his retirement pay (as of May 19, 1982) pursuant to the writs of garnishment. The plaintiff demands judgment against the United States in the amount of $41,169, plus other relief.

The Government's motion, which is now before the court for consideration, states four grounds for the dismissal of the action or, in the alternative, for a summary judgment. One of these grounds is that the plaintiff's claim is barred by the doctrine of *res judicata,* in view of the previous decision in *Jizmerjian v. Department of Air Force, supra.* It is not necessary to consider the defendant's other contentions.

### Discussion

■ Under the doctrine of *res judicata,* a final judgment on the merits by a court of competent jurisdiction prohibits the same parties (or their privies) from subsequently relitigating the same cause of action. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). As the Court of Claims once succinctly stated:

"* * * a final decision on the 'merits' of a claim bars a subsequent action on that same claim or any part thereof, including issues which were not but could have been raised as part of the claim. * * *" *Container Transport International v. United States,* 199 Ct.Cl. 713, 717, 468 F.2d 926, 928 (1972). This rule fosters the conclusive character of judgments because, although "* * * [e]veryone is entitled to a full and fair consideration of a claim, * * * once it has been ruled on, litigation must end. * * *" *Sterner v. United States,* 2 Cl.Ct. 253, 254 (1983).

■ The plaintiff's claim in the present action for retirement pay withheld by the Air Force is identical with that asserted and decided in the District Court for the District of South Carolina. Plaintiff contends here—as he did in the district court—that the garnishment writs issued by the Arizona court were invalid for due process insufficiencies, and should not have been honored by the Air Force. The circumstance that in the district court case the plaintiff centered his attack on the divorce decree and support judgment, whereas his primary attack here is on the order to show cause proceedings, is immaterial. The cause of action asserted here is the same as that litigated in the district court; and the same objections made here could have been raised before the district court.

The district court has already rejected this same claim. The district court decided that the Arizona court had personal jurisdiction over the plaintiff, that the alimony decree was valid, that the decree and subsequent writs of garnishment insulated the Air Force against legal action by the plaintiff, and that the plaintiff was not entitled to recover on his claim for funds withheld by the Air Force from his retirement pay. *Jizmerjian v. Department of Air Force, supra,* 457 F.Supp. at 823–24.

*Res judicata* bars relitigating the plaintiff's claim here, because it has already received a full hearing and final judgment from a court of competent jurisdiction. This would still be so even if this court, on

2. Denominated a petition under the rules of the    Court of Claims.

the basis of *Morton v. United States,* 708 F.2d 680, 685 (Fed.Cir.1983), were inclined to question the decision of the District Court for the District of South Carolina in *Jizmerjian v. Department of Air Force, supra.* The Supreme Court has made it clear that " * * * the res judicata consequences of a final, unappealed judgment on the merits [is not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. * * * " *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).

### Conclusion

The court concludes, on the basis of the pleadings and the other papers submitted by the parties, that there is no genuine issue as to any material fact necessary for the disposition of this case, and that the defendant is entitled to a judgment as a matter of law.

The portion of the defendant's motion of October 6, 1983, asking for a summary judgment is granted.

The complaint will be dismissed.

IT IS SO ORDERED.