**J.C. BASS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 113–86C.**

United States Claims Court.

Nov. 26, 1986.

Steve Alexander, Arlington, Va., for plaintiff; Arens & Alexander, of counsel.

Terrence S. Hartman, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant; Claude Skelton, Office of General Counsel, Dept. of Agriculture, of counsel.

## ORDER

NETTESHEIM, Judge.

This loan entitlement and servicing case comes before the court on defendant's motion to dismiss counts 1 and 2 of the complaint. Plaintiff has opposed. By order entered on October 9, 1986, plaintiff was given notice that the motion to dismiss would be treated as a motion for partial summary judgment pursuant to RUSCC 12(b). Plaintiff submitted no supplementary materials, and argument is deemed unnecessary.

## FACTS

The following facts are undisputed. In July 1980, J.C. Bass ("plaintiff") complained in the United States District Court for the Southern District of Mississippi seeking injunctive relief and money damages under various agricultural credit provisions of the Consolidated Farm and Rural Development Act, 7 U.S.C. §§ 1921–1996 (1982), and its corresponding regulations, 7 C.F.R. §§ 1800–2045 (1982).

Plaintiff's amended complaint, filed in January 1983, named as defendants the Department of Agriculture; the Farmers Home Administration (the "FmHA"); Bob Bergland, former Secretary of Agriculture; Gordon Cavenaugh, former Administrator of the FmHA; Mark Hazard, former Mississippi State Director of the FmHA; Wesley F. Kent, District Director; L. Adrian Wood, former Amite County Supervisor of the FmHA; and David K. Smith, the current Amite County Supervisor of the FmHA. In that proceeding plaintiff averred, *inter alia*, that from May 5, 1978, until January 31, 1980, 1) "[d]efendants have engaged in a course of conduct

through which they have arbitrarily, capriciously, and unlawfully denied plaintiff the right and opportunity to participate in ... the [FmHA] federal agricultural credit programs....;" and 2) "[t]he individual defendants ... have willfully conspired among themselves against plaintiff to deprive him of his property...." First Amended Compl., *Bass v. United States*, Civ.Act. No. J80–0312(N) (S.D.Miss. filed Jan. —, 1983), ¶¶ 15, 16 ("First Amended Compl."). He sought actual and punitive damages against the individual defendants and an injunction against the individual and agency defendants to prevent foreclosure on his loan obligations.

More specifically, plaintiff generated two principal allegations: The FmHA failed to process timely his August 1978, March 1979, May 1979, August 1979, and January 1980 loan requests, in the process arbitrarily reducing his loan requests, *see id.* ¶¶ 18 b., e., g., o., s.–v., x.;[1] and plaintiff was wrongfully denied reamortization and new loan benefits on his previously approved and completed December 1977 and June 1978 loans. *See* ¶ 18 b. The facts underlying plaintiff's claims in the federal district court action are summarized in *Bass v. Department of Agriculture*, 737 F.2d 1408, 1410–11 (5th Cir.1984).

In district court, plaintiff conceded to dismissing the FmHA and the Department of Agriculture on his claim for damages because any recovery could not exceed the $10,000 jurisdictional limitation for actions against the United States in federal district court.[2] Plaintiff's injunctive claim remained in the litigation, however. *See Bass v. Department of Agriculture*, 737 F.2d at 1412.

Plaintiff did not prevail against the individual agency officials. At the conclusion of plaintiff's case, the district court granted directed verdicts for defendants Berg-

land, Cavenaugh, Hazard, and Smith. *See Bass v. United States*, Civ.Act. No. J80–0312(N), slip op. at 2 (S.D.Miss. Feb. 24, 1983). The jury rendered general verdicts in favor of the two remaining defendants, Wood and Kent. *See id.*, slip op. at 2. In its opinion on the motion for injunctive relief, the district court noted plaintiff's contention "that he would have a cause of action for damages against the United States in the Court of Claims arising out of the same transactions involved in the present action...." *Id.*, slip op. at 1; *see also* First Amended Compl. ¶ 23 f.

After reviewing the evidence, the district court concluded in its opinion that the claim for injunctive relief against the Department of Agriculture and the FmHA was "without merit." *Id.*, slip op. at 2. The court made findings on plaintiff's contention that his loan applications and servicing requests were treated arbitrarily, capriciously, and unlawfully:

> The agency officials were required to make a determination as to whether the granting of the loans in the amounts applied for would reasonably assist the plaintiff in the successful operation of his beef-cattle enterprise. The Court finds that they made that determination in a reasonable manner.

> In summary, the Court finds that plaintiff's loan applications were considered and handled in a normal and proper manner, and in the manner prescribed by the agency regulations. There was never any denial of the plaintiff's rights to present applications for consideration nor was there a denial or abridgment of his right to appeal the denial of any application.

> The actions taken were within the discretion of the agency acting through its

---

1. Defendant's position on determining what circumstances constitute a "new" loan application is adopted. Submission of a new farm operation plan constitutes a new loan suitability review. *See, e.g.,* First Amended Compl. ¶ 18 a., p., u., x.

2. The first amended complaint did not ask for a money judgment against the United States, in any event. First Amended Compl. ¶ 23 a., b. It also appears that the trial court did not regard plaintiff as having asked for injunctive relief against the individual defendants. *But see id.* ¶ 23 c.

officials, and were in no way arbitrary or capricious.

*Id.,* slip op. at 3.

The judgment entered on the jury verdict was affirmed on appeal. "[The] repeated loan decisions were based upon the application of detailed regulations with a large element of discretion in the decisions made...." *Bass v. Department of Agriculture,* 737 F.2d at 1416. Plaintiff commenced action in this court on February 24, 1986, seeking money damages under the identical agricultural credit provisions of 7 U.S.C. §§ 1921–1996 and 7 C.F.R. §§ 1800–2045.

The claims at issue on defendant's motion are based upon breaches of express and/or implied-in-fact contracts. Count 1 alleges that defendant "acting by and/or through its duly authorized agents, did breach the ... express and/or implied-in-fact contract with plaintiff by failing to timely make or insure future loans or advances ... to enable plaintiff to raise or harvest farm crops or raise livestock or other animals." Compl. ¶ 123. Count 2 avers that "plaintiff did apply for, was qualified for, and was wrongfully refused his request for reamortization, and that said refusal to plaintiff of the benefit of reamortization constituted a breach ... of express and/or implied contract...." *Id.* ¶ 127. Defendant responds that the previous decision in *Bass v. United States,* Civ. Act. No. J80–0312(N), bars relitigation of counts 1 and 2 under the principles of *res judicata.*

## DISCUSSION

This court may grant summary judgment under RUSCC 56 when the record shows that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *accord Johnson Controls, Inc. v. United States,* 8 Cl.Ct. 359, 365 (1985) (citing cases), *aff'd per curiam,* 795 F.2d 1011

(Fed.Cir.1986). As the opponent of summary judgment, plaintiff shall " 'receive the benefit of all applicable presumptions, inferences, and intendments.' " *Johnson Controls, Inc.,* 8 Cl.Ct. at 365 (quoting *Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985)). If the record reveals that any of plaintiff's claims are barred as a matter of law, then those counts must be dismissed.

Defendant seeks dismissal based on principles of *res judicata.* Claim preclusion is the extinguishment of a claim by a prior final judgment. *RSM Fastening Systems, Inc. v. H.A. Jones Co.,* 776 F.2d 1522, 1532 (Fed.Cir.1985); *Sun Chemical Corp. v. United States,* 698 F.2d 1203, 1209 (Fed.Cir.), *cert. denied,* 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 91 (1983). Claim preclusion operates between parties simply by virtue of final judgment, whereas issue preclusion applies only to issues actually litigated. *Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983); *cf. University of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 3226–27, 92 L.Ed.2d 635 (1986).[3] The doctrine of claim preclusion allows a final judgment by a competent court to bar identical parties or their privies from relitigating any matter offered to sustain or defeat a claim in a previous action. *Nevada v. United States,* 463 U.S. at 130–31, 103 S.Ct. at 2918–19; *Federated Department Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Claim preclusion thus bars a plaintiff from asserting the same transactional facts under a different cause of action. *Young Engineers, Inc. v. ITC,* 721 F.2d 1305, 1314 (Fed.Cir.1983); *Jarboe Lackey Feedlots, Inc. v. United States,* 7 Cl.Ct. 329, 336 (1985). Fairness considerations, such as whether the parties were afforded "a full and fair opportunity to litigate," determine whether the doctrine is to be applied. *Montana v. United States,* 440 U.S. 147,

---

**3.** Defendant argues claim and issue preclusion in the alternative. The court does not rule on defendant's contention that counts 1 and 2 are barred by collateral estoppel.

153–54, 99 S.Ct. 970, 973–64, 59 L.Ed.2d 210 (1979).

### 1. *Identity of parties*

■ The parties in this court are identical to those in the district court litigation. The present action is brought against the United States. In the district court, suit was brought against the Department of Agriculture, FmHA, and agency officials. The Department of Agriculture and the FmHA were not ultimately defendants to the claims for damages, since the United States was dismissed on those claims. It is well established that suit against an agent or department of the Federal Government is a proceeding against the United States. *Jizmejian v. United States*, 4 Cl.Ct. 355, 358 (1984), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Larsen v. United States*, 145 Ct.Cl. 178, 180, 170 F.Supp. 806, 807 (1959). Thus, the claims at issue and decided in the prior lawsuit were claims against the same individuals, agents of the United States, whose actions as agents of the United States are the subject of the instant action. Because the defendants share privity and Mr. Bass was the plaintiff in that action, identity is established.

### 2. *Transactions underlying the claims*

■ Determining what facts comprise a transaction requires examination of " 'whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *Nevada v. United States*, 463 U.S. at 131 n. 12, 103 S.Ct. at 2919 n. 12 (quoting Restatement (Second) of Judgments § 24 (1983)); *Young Engineers Inc.*, 721 F.2d at 1314, *cited with approval, Jackson Jordan, Inc. v. Plasser American Corp.*, 747 F.2d 1567, 1575 n. 7 (Fed.Cir.1984). Plaintiff argues that new circumstances exist that were not presented in the previous action. These alleged "new circumstances" cover a period beginning on February 1, 1980—one day after the date of the transaction previously litigated—and continue through approximately July 17, 1980. Plaintiff's factual description of the events during this time period reveals that a continuation of the FmHA's consideration of his previous January 31, 1980 loan request. Objections to the processing procedures regarding the January 31 request were plead previously, First Amended Compl. ¶ 18 x., and found proper by the district court, *Bass v. United States*, Civ.Act. No. J80–0312(N), slip op. at 2 (agency properly considered all of plaintiff's loan applications), and the judgment entered on the jury verdict was affirmed on this basis. *Bass v. Department of Agriculture*, 737 F.2d at 1414–16. Plaintiff concedes that the remaining transactions underlying his current cause of action "had been at issue in the district court." Plf's Br. filed Oct. 6, 1986, at 14.

■ The district court, in denying the claim for injunctive relief, found that "[t]he actions taken were within the discretion of the agency, acting through its officials, and in no way were arbitrary or capricious." *Bass v. United States*, Civ.Act. No. J80–0311(N), slip op. at 3. Injunctive relief was rejected precisely because four individual defendants had been absolved on directed verdict and the jury had returned a verdict in favor of the remaining two. Accordingly, a likelihood of success on the merits was nil. Because the Government was released from the injunctive claim and was not a party to the damages claims, plaintiff argues that the same issues against the United States in the earlier case and this case were not decided finally. The same transactions, nonetheless, were subject to a final adjudication against the individual defendants who were in privity with the Government.

■ Plaintiff also argues that the differences in the causes of action in the two courts render *res judicata* inapplicable. Here, the claims are for breach of contract by the FmHA; in district court the claims were against individual defendants who could have been shielded by a finding that they acted in good faith. The bona fides of

any breach would not excuse the FmHA, according to plaintiff. This argument misconceives the standards that would be applied if this court ruled on the merits of his breach claims. If a regulatory scheme puts the making or extension of a loan within agency discretion, then merely alleging a breach of the same regulations that have been incorporated into a contract will not change the liability of the Government if the decision under review was, in view of all the circumstances, within the permissible metes and bounds of the agency's discretion. *See McCormick v. United States,* 227 Ct.Cl. 661, 663–64 (1981) (recovery for breach of contract may be had only if agency official abused his discretion); *cf. Dahl v. United States,* 695 F.2d 1373, 1380–81 (Fed.Cir.1982).

Since plaintiff's complaint against the United States in this case turns on the actions of the government officials not found liable in the district court action, the claims are the same.

3. *Full and fair opportunity to litigate*

■ If identity is established between the parties and the claims based on the transactions adjudicated previously result in a final judgment, the court must evaluate whether the party against whom preclusion is to be applied had a full and fair opportunity to litigate. *Montana v. United States,* 440 U.S. at 153–54, 99 S.Ct. at 973–74; *RSM Fastening Systems Inc. v. H.A. Jones Co.,* 776 F.2d at 1532; *Baskett v. United States,* 2 Cl.Ct. 356, 364 (1983), *aff'd per curiam,* 790 F.2d 93 (Fed.Cir. 1986), *cert. denied,* —— U.S. ——, 106 S.Ct. 3300, 92 L.Ed.2d 714 (1986). Plaintiff argues that the evidentiary burden in the district court was higher than the standard in his present action.

It was assumed, but not decided, by the Fifth Circuit that plaintiff had stated a claim in district court against the individual defendants under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Bass v. Department of Agriculture,* 737 F.2d at 1416 (concurring op.). This is because plaintiff alleged that the acts complained of were violations of a property right without due process afforded by the fifth amendment. Liability under this type of claim requires proof that the agent's personal acts were done either intentionally or with reckless disregard of the constitutional rights involved, and the court so instructed the jury. However, as observed by the concurrence, plaintiff alleged no property interest deemed protected by the Constitution, let alone a liberty interest. There is strong language in the Fifth Circuit's opinion that, as a consequence, plaintiff's claims did not implicate any standard different than for review of any administrative action:

What Bass's contention does not face is that if his view were to prevail, every case involving a discretionary administrative decision would automatically become a constitutional case merely by allegation that the law was otherwise than the decision reached. Yet the entire issue in the judicial review of administrative action always is whether the administrative decision was erroneous. The Constitution is not implicated unless the decision goes beyond mere error to an intentional or reckless disregard of the constitutional rights of the person against whom the administrative decision is made. Mere failure to make the "correct" administrative decision does not rise to the level of a constitutional violation.

\* \* \* \* \* \*

This discussion also disposes of the challenge by Bass that when a government official violates his own agency's regulations there is a per se violation of due process. In general we have already answered this contention. Every time an agency decision is found to be legally erroneous upon review, it is found to be in violation of law or agency regulations. But such an erroneous decision does not constitute a per se violation of due process. Absent a showing of intentional or reckless disregard of the law, it is merely

an erroneous and, therefore, reversible decision.

We repeat our observation that the instructions to the jury and the verdict of the jury comport clearly with the facts of this case. These repeated loan decisions were based upon the application of detailed regulations with a large element of discretion in the decisions made. The frequent day by day decisions of the government in granting or denying citizen applications for aid are not automatically elevated to constitutional decisions. They are administrative decisions subject to a narrow standard of review. A court fulfilling the function of the judicial review of administrative action must decide whether the agency's decision was based on consideration of relevant factors and whether there has been a clear error of judgment. The court may not substitute its judgment for that of the agency. *City of Houston v. F.A.A.*, 679 F.2d 1184, 1190 (5th Cir.1982).

737 F.2d at 1415, 1416. The appeals court's characterization of the action would support a conclusion that the jury weighed the evidence against the individual defendants under the standard of arbitrary, capricious, or unlawful conduct, which is the standard for review of a challenged administrative action in this court. In fact, plaintiff alleged in the district court case that the same conduct alleged here was "arbitrary, capricious, and unlawful." First Amended Compl. ¶ 15.

Although the Fifth Circuit's analysis persuades that exactly the same claims were litigated under exactly the same standards, the court agrees with plaintiff that the jury did render its verdict under the standard of intentional or reckless conduct by individuals, not arbitrary, capricious, or unlawful agency action. That the standards differ does not mean that plaintiff lacked the opportunity fully and fairly to litigate the same claims. The district court and appellate opinions show that the same transactions were litigated under the same legal theories, *viz.*, arbitrary, capricious, and unlawful actions. According to both *Bass* opinions, the agents were absolved on the basis that the actions were within their discretion, not the narrower and stricter standard of the jury charge.

■ Had plaintiff sued here first, a finding that the agents' actions were not arbitrary, capricious, or unlawful would have foreclosed a *Bivens* claim that the same actions were intentional or reckless. Similarly, a prior action in district court challenging the agents' actions as arbitrary, capricious, or unlawful, as well as intentional or reckless, should bar a claim that the actions are arbitrary, capricious, or unlawful in this court. Moreover, plaintiff's reservation of his claims against the United States in district court is ineffective. If he could have filed a real *Bivens* action, such a reservation may have been proper. But as aptly explained by the Fifth Circuit, plaintiff did not have a property interest in receiving a loan or loan servicing from the FmHA, so that administrative consideration of his loan requests did not amount to an infringement of a constitutional right. Plaintiff has had his day in court on the claims presented by counts 1 and 2 of the complaint.

### CONCLUSION

Plaintiff has presented previously adjudicated claims, and relitigation is precluded. Based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion for partial summary judgment is granted, and the complaint is dismissed as to counts 1 and 2.

2. The parties shall file a Status Report by December 15, 1986, proposing a course of further proceedings on the remaining counts.