904 F.2d 45
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clancy S. CUMMINGS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1668.
 United States Court of Appeals, Federal Circuit.
 May 11, 1990.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and L.T. SENTER, Jr., Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Clancy S. Cummings (Cummings) appeals the order of the United States Claims Court (Turner, J.) granting summary judgment for the defendant. 17 Cl.Ct. 475 (1989). We affirm.
 
 OPINION
 
 2
 Cummings has appealed the portions of the Claims Court's summary judgment order holding that Cummings had failed to show that there were triable issues with respect to Cummings' allegations that the U.S. Department of Agriculture's Farmers Home Administration (FmHA) had breached a contract with Cummings when it denied his application for additional farm loans. The FmHA had loaned Cummings over 7 million dollars for his ranching operations, and Cummings had failed to meet the repayment schedule. When Cummings applied for additional loans, the applications were denied.
 
 
 3
 A party opposing a motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. RUSCC 56(e). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party so that a reasonable finder of fact could return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The determination of whether there is a genuine issue of fact "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." Id. at 252.
 
 
 4
 In this case, the only written agreement concerning future loan applications was a provision in the initial loan agreement that the FmHA would make or insure future loans "provided that funds are available and the Debtor meets all then current requirements imposed by regulations of the [FmHA]." Cummings contends that he met all of the eligibility requirements and that the FmHA improperly denied his subsequent loan applications.
 
 
 5
 The determination of whether to authorize FmHA loans is committed to the broad discretion of the agency. Tuepker v. Farmers Home Admin., 708 F.2d 1329, 1331 (8th Cir.1983). See Dahl v. United States, 695 F.2d 1373, 1378, 1380 (Fed.Cir.1982). Thus, the issue in this case is whether the agency abused its discretion in denying the subsequent loan applications. See McCormick v. United States, 227 Ct.Cl. 661, 664 (1981). Here, the County Committee and the County Supervisor set forth ample reasons for denying Cummings' later loan applications, namely, unsatisfactory past performance, lack of management ability and industry necessary to carry out the proposed farming operations, and lack of repayment ability and reliability. In view of the evidentiary standard that applies in the present case, Cummings has not set forth facts sufficient to support a finding in his favor that the FmHA improperly denied his loan applications and thereby breached the conditional agreement to provide future loans. Therefore, summary judgment was appropriate.
 
 
 6
 Cummings also contends that a contract to provide future loans arose out of the 3-year business plan that Cummings submitted with his first loan application. The business plan apparently contemplated future loans. The Claims Court held that the County Committee's discretionary evaluation as to the eligibility of a loan applicant was mandatory under the statute (7 U.S.C. Sec. 1983(b) (1988)) and that the FmHA officials were without authority to waive that procedure. Thus, according to the Claims Court, an unconditional agreement to provide future loans would be unenforceable. Cummings argues that Roberts v. United States, 18 Cl.Ct. 351 (1989), supports the conclusion that the FmHA officials had authority because the loan agreement had been entered into and had already been partially performed. Roberts is inapplicable. In the present case, no agreement concerning the future loans was partially performed. The only written agreement between the parties regarding future loans was the conditional agreement discussed above. We agree with the Claims Court that to the extent there may have been an unwritten agreement to provide future loans unconditionally, the FmHA officials were without authority to enter into such an agreement, and it would be unenforceable.
 
 
 7
 For the reasons stated, the decision of the Claims Court granting summary judgment for the government is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 L.T. Senter, Jr., Chief Judge of the Northern District of Mississippi, sitting by designation