**SECURITY BANK AND TRUST COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–616C.**

United States Claims Court.

Aug. 28, 1992.

James R. Rodgers, Blackwell, Okl., for plaintiff.

Jeffrey J. Bernstein, Washington, D.C., with whom was Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, U.S. Dept. of Justice Commercial Div., and Terrence S. Hartman, Asst. Director.

OPINION AND ORDER

ROBINSON, Judge:

This matter is before the court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Rules of the United States Claims Court (RUSCC). Plaintiff argues that a prior decision of the United States Bankruptcy Court for the District of Kansas requires this court to enter judgment in its favor pursuant to the doctrine of *res judicata*. Oral argument was held on August 7, 1992, in Washington, D.C. Upon full consideration of the parties' arguments, briefs and supporting documentation, the court concludes that plaintiff does not prevail in its motion. For the reasons stated herein, the court finds that the rules of *res judicata* do not apply as the parties in this action lack privity with those in the Bankruptcy Court case. Furthermore, the court holds that collateral estoppel is similarly inapplicable.

*Factual Background*

On September 10, 1986, Ms. LaVeta Shoffner and plaintiff, Security Bank and Trust Company (SBT) signed a financing statement covering all of Ms. Shoffner's crops for the growing year 1986–87. The financing statement was duly filed, and SBT acquired a perfected security interest in the crops. On January 27, 1987, Ms. Shoffner assigned to SBT the $50,000 Wheat Deficiency benefit to which she was entitled for the 1987 crop year under an Agriculture Stabilization and Conservation Service (ASCS) program. Half of the payments due under the program were to be made in payment in kind (PIK) certificates issued by the Commodity Credit Corporation (CCC), a quasi-governmental agency which administers many of the Department of Agriculture programs.

On April 6, 1987, Ms. Shoffner filed a voluntary petition under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701 *et seq.* (1982). On May 22, 1987, SBT filed a complaint in the Bankruptcy Court seeking $23,523.59 from the Bankruptcy Trustee, based upon SBT's perfected security inter-

est. In response, the trustee argued that Ms. Shoffner's assignment to SBT violated the CCC's regulations which provide that "[c]ommodity certificates shall not be subject to any lien, encumbrance, or other claim or security interest, except that of the U.S. Government arising specifically under Federal Statute." 7 C.F.R. § 770.-4(b)(2) (1987). On November 23, 1987, the Department of Agriculture asserted administrative setoffs totalling $29,823.57 against the wheat deficiency benefits due Ms. Shoffner in payment of two separate loans owed to defendant by Ms. Shoffner. During the course of the bankruptcy proceedings, defendant remitted the remaining $22,786.33 of Ms. Shoffner's benefits to the trustee.

On March 10, 1988, the Bankruptcy Court issued its opinion in *In re George*, 85 B.R. 133 (Bankr.D.Kan.1988).[1] The court held that neither the corporate authority of the CCC nor the enabling language of the Food Security Act of 1985, 7 U.S.C. § 1 *et seq.*, provided the CCC with the express authority to preempt state commercial law. Therefore, the court found that the CCC anti-assignment regulations were unenforceable. Pursuant to that decision, the trustee paid SBT $13,671.21 on June 17, 1988. SBT then filed an action in the United States District Court for the Western District of Oklahoma against the CCC, alleging that defendant had wrongfully diverted funds owed to plaintiff by virtue of Ms. Shoffner's assignment of benefits to SBT. On April 10, 1990, the District Court issued an order transferring the lawsuit to the United States Claims Court. On July 23, 1990, SBT filed its complaint in the instant case seeking $29,823.57, or the balance of the sum assigned to plaintiff by Ms. Shoffner.

In its brief in support of its motion for summary judgment, plaintiff asserts that this court is bound by the judgment of the Bankruptcy Court pursuant to the doctrines of *res judicata* and collateral estoppel. SBT argues that the issue before the Bankruptcy Court is squarely presented in the instant proceedings. Moreover, plain-

---

**1.** In *George,* the Bankruptcy Court adjudicated four related cases including *In re Shoffner.*

tiff contends that there is privity between the United States and the trustee in the Bankruptcy Court action. According to SBT, privity is established because the rights asserted by the Government at the time of its setoff were in the hands of the bankruptcy trustee and were subject to the *George* litigation.

In its opposition to plaintiff's motion, defendant assumes for the sake of argument that the issues before this court are the same as those presented in the bankruptcy proceedings. However, the Government maintains that *res judicata* is inapplicable because there is no privity between the United States and the losing party in the Bankruptcy Court action. In support of this contention, defendant argues that the United States did not control the Bankruptcy Court litigation and that the Government's interests were not adequately represented by the bankruptcy trustee. In addition, defendant disputes plaintiff's claim that the United States is a successor in interest in Ms. Shoffner's property. The Government argues that it never asserted an ownership interest in the PIK portion of the benefits due Ms. Shoffner under the Wheat Deficiency program. Rather, defendant maintains that it simply asserted an administrative setoff against the benefits due Ms. Shoffner as allowed by the applicable regulation, 7 C.F.R. § 13 (1987).

## DISCUSSION

██ To grant a motion for summary judgment, the court must find that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing motions for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor...." *Id.* at 255, 106 S.Ct. at 2513. Doubts concerning the existence of issues of material fact must be resolved in favor of the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

██ The burden is on the movant to show that there is no material fact in dispute and that it is entitled to judgment as a matter of law. *Id.* at 157, 90 S.Ct. at 1608; *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 653–54 (Fed.Cir.1984). However, where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). For the reasons explained below, the court finds that plaintiff has failed to establish that it is entitled to judgment as a matter of law.

### A. *Res Judicata.*

*Res judicata*, or claim preclusion, is a judicially created doctrine which provides that "when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, including parties and those in privity with them, not only to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose'." *Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877)); *see Alyeska Pipeline Serv. Co. v. United States*, 231 Ct.Cl. 540, 545, 688 F.2d 765, 769 (1982), *cert. denied*, 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983). Courts have generally considered three factors to determine whether *res judicata* applies: (1) whether the parties are legally identical, *Bass v. United States*, 11 Cl.Ct. 295, 299 (1986); (2) whether the transactions underlying the claim are substantially related,

*Nevada,* 463 U.S. at 131 n. 12, 103 S.Ct. at 2918 n. 12; and (3) whether the non-movant had a "full and fair opportunity to litigate" the claim, *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979).

■ The United States was not a party to the Bankruptcy Court action. Thus, in order to satisfy the first element of *res judicata,* plaintiff must establish that the Government was in privity with the trustee against whom SBT brought the bankruptcy action. In *Southwest Airlines Co. v. Texas Int'l Airlines,* 546 F.2d 84, 95 (5th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977), the court set forth three relationships which justify preclusion against a non-party:

> First, a non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party.... Second, a non-party who controlled the original suit will be bound by the resulting judgment.... Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit.

*Id.* at 95 (citations omitted).

Plaintiff does not allege that the Government in any way controlled the bankruptcy proceeding. Nor does it argue that the trustee adequately represented the Government's interests in the Bankruptcy Court action.[2] Instead, SBT contends that defendant is a successor in interest in the agriculture benefits. Plaintiff correctly points out that the bankruptcy proceedings had begun at the time defendant asserted its offset and, therefore, that the trustee had succeeded to all of Ms. Shoffner's property rights at that time. However, one cannot necessarily assume from these facts that privity exists between the trustee and the United States.

The Bankruptcy Court in *George* held that the prohibition against assignment of the PIK certificates did not provide a basis for the trustee to avoid a perfected security

interest in such certificates. However, the United States had not exercised an ownership interest in that portion of Ms. Shoffner's wheat deficiency payments which were payable in PIK certificates. At the time of her bankruptcy petition, Ms. Shoffner owed $29,823.57 to the Government for two separate wheat loans, and defendant owed her $55,442.28 in benefits for the 1987 crop year. Pursuant to 7 C.F.R. § 13, the Government deducted what it was owed by Ms. Shoffner from what it owed her prior to the issuance of the PIK certificates. The Government then remitted $22,786.33 to the trustee in payment of the 1987 program benefits. Thus, the Government never succeeded to Ms. Shoffner's property interests in the PIK certificates. In the absence of such a succession, defendant cannot now be found to be in privity with the trustee who represented Ms. Shoffner's interests in the bankruptcy proceedings.

Plaintiff has failed to show that, as a matter of law, the parties in the two proceedings are legally identical. As a result, *res judicata* is inapplicable to the instant case. Therefore, the only remaining question is whether collateral estoppel operates to preclude litigation in this court on the issue of SBT's entitlement to the assigned benefits.

**B.** *Collateral Estoppel.*

■ As explained above, plaintiff relies on the preclusive effect of *res judicata* in its motion for summary judgment. However, plaintiff also asserts that the issue to be determined in the instant action is the same as that decided in the bankruptcy case, thereby invoking collateral estoppel. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana,* 440 U.S. at 153, 99 S.Ct. at 973 (citing

---

**2.** In fact, plaintiff entirely overlooks this element of *res judicata.* Because the court finds that the parties in this case lack privity, it is unnecessary to consider whether the United States was adequately represented for purposes of claim preclusion. However, the court addresses this question below in its discussion of collateral estoppel.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979)). Collateral estoppel, or issue preclusion, applies when:

(1) the issues to be concluded are identical to those involved in the prior action;

(2) the issues were raised and actually litigated in the original suit;

(3) the determination of those issues in the prior action was necessary and essential to the resulting judgment; and

(4) the precluded party was fully represented in the prior action.

*See Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed.Cir. 1983).

In the instant case, the parties identified the following issue to be decided:

The parties believe the issue to be whether LaVeta Shoffner's January 1, 1987, assignment, to Security, of Commodity Credit Corporation wheat deficiency payments, to which she would become entitled in the 1987 program year, is in violation of the "non-assignment" provision of 7 C.F.R. Section 770.6, with respect to such deficiency payments as are payable by the issuance of Payment in Kind (PIK) program certificates, and therefore ineffective.[3]

In *George,* the Bankruptcy Court identified the issue as involving "the trustee's challenge [of] the validity of the creditors' security interests on the theory that no such state law interest can attach under the applicable C.C.C. regulations and other grounds." 85 B.R. at 135. In its brief, the Government assumes for the sake of argument that these issues are identical.[4] The court will also assume, solely for the purposes of this discussion, that the issues are identical, were actually litigated, and necessary to the Bankruptcy Court's judgment. However, the court cannot find that the Government was fully represented by the trustee in the bankruptcy case.

Under the Bankruptcy Code, a trustee is under the affirmative duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1) (1982). As property subject to a properly perfected security interest is satisfied first from the assets of the estate, the trustee's chief duty is to ensure the equitable distribution of the remaining assets to the unsecured creditors. *See* 4 *Collier on Bankruptcy,* para. 704.08 (15th ed. 1992). Moreover, a creditor with a claim properly subject to setoff under section 553 of the Bankruptcy Code is a secured creditor to the extent of the value of the set off right. 11 U.S.C. § 506(a). Thus, the incentives of the bankruptcy trustee and the United States, as a secured creditor by virtue of its setoff rights under 7 C.F.R. § 13, were simply not the same in the Bankruptcy Court action. In other words, the trustee's duty in *George* was to defeat SBT's security interest in order to increase the estate available for the unsecured creditors. The trustee had no reason to defend the Government's entitlement to the setoff, as success on that issue would have only decreased the debtor's estate available for distribution to the unsecured creditors. As the trustee would not, and did not, pursue this significant defense for the United States, the Government was not fully represented in the Bankruptcy Court action. Accordingly, the court finds that collateral estoppel is inapplicable to this case.

## CONCLUSION

The court finds for the foregoing reasons that neither *res judicata* nor collateral estoppel operate to preclude the Government from defending its administrative setoff of the subject agriculture program benefits. By so holding, of course, the court does not find that the Government properly asserted its offset. Rather, the court simply concludes that the validity of defendant's ac-

---

**3.** Joint Preliminary Status Report, para. (h).

**4.** However, the government also points out that the Bankruptcy Court did not consider the im-

pact of the setoff provisions of 7 C.F.R. § 770.6, but rather limited its analysis to section 770.-4(b).

tions cannot be determined on the basis of plaintiff's motion for summary judgment. Accordingly, plaintiff's motion for summary judgment is denied.

Pursuant to discussions with the parties at the August 7, 1992 oral argument, the court hereby orders that defendant shall file its motion for summary judgment within thirty (30) days from the date of this opinion. Moreover, on or before September 4, 1992, the parties shall file a joint report advising the court of the status of any settlement negotiations resulting from their discussions with the court at the oral argument on this matter.

IT IS SO ORDERED.